**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Savannah Ketchum,<br>Plaintiff<br>v.<br>Vegas Auto Gallery Lotus,<br>Defendant | Case No. 2:26-cv-02169-JAD-NJK<br>**Order Adopting Report and Recommendation** |

On 8/14/26, the magistrate judge entered this report and recommendation [ECF No. 7]:

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts have limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiff brought this suit apparently alleging some sort of breach of contract by a local car dealership from which Plaintiff claims entitlement to a 2026 Lamborghini Urus SE. *See* Docket No. 1-1 at 4. While the factual allegations are sparse,[1] the jurisdictional hook in the complaint is that there is a federal question arising from the constitutional right to contract. *See* Docket No. 1-1 at 3. "The Contracts Clause restricts the power of *States* to disrupt contractual arrangements." *Sveen v. Melin*, 584 U.S. 811, 818 (2018) (emphasis added). Hence, the threshold inquiry is whether state law or regulation impairs a contractual relationship. *Energy Reserves Grp. v. Kan.*

[1] The circumstances do not seem to add up. On the one hand, Plaintiff claims an entitlement to an expensive new sports car. *See* Docket No. 1-1. On the other hand, Plaintiff claims she cannot afford to pay the $405 filing fee. *See* Docket No. 5. As subject matter jurisdiction is lacking, however, the Court need not delve further into the factual predicate of the claim.

*Power & Light Co.*, 459 U.S. 400, 411 (1983). Simple contract disputes between private parties are creatures of state law and do not implicate the constitutional contracts clause. *See, e.g.*, *Clark v. Capital One Auto Financing*, 2026 WL 50130, at *2 (E.D. Cal. Jan. 6, 2026).

In this case, Plaintiff's complaint is predicated apparently on a contract dispute with a local car dealership (i.e., a non-governmental party).[2] The complaint identifies no state law, regulation, or other action at all. Hence, the case involves apparently a contract dispute between two private parties, which is an issue of state law and does not implicate the constitutional contracts clause. The complaint does not present a federal question.

Accordingly, the Court lacks subject matter jurisdiction over this case.[3] The undersigned **RECOMMENDS** that the case be **DISMISSED** for lack of jurisdiction.

Dated: August 14, 2026

Nancy J. Koppe
United States Magistrate Judge

**Order**

The deadline for anyone to object to this recommendation was 8/29/2026, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 7] is ADOPTED in its entirety. THIS CASE IS DISMISSED for want of subject-matter jurisdiction, and the Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
Dated: September 9, 2026

[2] Private actors are presumptively not state actors, *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999), and there is no reason to believe differently here.

[3] While leave to amend is afforded liberally, amendment would be futile in this case. Even if Plaintiff were able to state a breach of contract claim, the complaint shows that the Court would lack diversity jurisdiction to entertain such claim. *See, e.g.*, Docket No. 1-1 at 3-4 (alleging that both Plaintiff and Defendant are citizens of Nevada).